United States District Court
Southern District of Texas
**ENTERED**
March 02, 2017
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FERNANDO RIVERA, JR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:15-cv-148 |
| | § | |
| NANCY A. BERRYHILL, | § | |
| ACTING COMMISSIONER | § | |
| OF THE SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| Defendant. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Fernando Rivera, Jr.'s Complaint seeking review of the Social Security Administration Commissioner's final decision denying his application for disability insurance benefits under Title II of the Social Security Act. Dkt. No. 1. Defendant, Nancy A. Berryhill, (hereinafter, the "Commissioner") asks the Court to affirm her decision. Dkt. No. 16 at 10. It is recommended that the Court affirm the Commissioner's decision and deny Rivera's claims.

## I. JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3).

## II. BACKGROUND

On May 19, 2012, Rivera protectively filed an application for a period of disability and disability insurance benefits alleging an onset disability date of April

26, 2012.  TR at 131.[1]  There, Rivera listed a number of ailments pertaining to limited use, function, and feeling of his back, wrists, legs, and arms.  *See* TR at 134. In his functionality report, Rivera states, among other things, that these ailments cause him severe pain that affects his ability to perform daily tasks and movements such as bending, lifting, and walking.  TR at 151.  Rivera also claims that these ailments affect his memory and concentration.  *Id.*

The Social Security Administration denied his claim initially on July 24, 2012, and upon reconsideration on November 14, 2012.  TR at 53, 59.  Rivera filed a request for a hearing, and Administrative Law Judge ("ALJ") Thomas Norman conducted an administrative hearing on December 5, 2013.  TR at 27.  Rivera was represented at the hearing by a non-attorney representative, Delmar Fankhauser. On April 21, 2014, the ALJ issued an opinion finding that Rivera was not disabled under §§ 216(i) and 223(d) of the Social Security Act.  TR at 20.  Rivera appealed to the Appeals Council (hereinafter, the "Council"), which denied Rivera's request for review on June 15, 2015.  TR at 1, 5.  Rivera timely filed this Complaint challenging the Commissioner's final decision on August 19, 2015.  Dkt. No. 1.

### III. STANDARD OF REVIEW

The Court's review of the Commissioner's final decision to deny benefits under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether the proper legal standards were used in evaluating the evidence; and (2) whether there is

---

[1] The Commissioner filed a certified transcript of the underlying record in this case.  *See* Dkt. No. 9.  Citations to the transcript use the abbreviation "TR" and the page number.

substantial evidence in the record as a whole to support the decision that the claimant is not disabled as defined by the Act.  *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).  Evidence is considered substantial if it is relevant and sufficient enough for a reasonable mind to accept it as adequate to support a conclusion. *Legget v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  It is more than a scintilla, but less than a preponderance.  *Id*.  A no-substantial-evidence finding is appropriate only where no credible evidentiary choices or medical findings exist to support the decision.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  If the findings of the Commissioner are supported by substantial evidence in the record as a whole, the findings are conclusive and must be affirmed.  *Brown*, 192 F.3d at 496.

Evidentiary conflicts are for the Commissioner, not the courts, to resolve. The Court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [its] own judgment for that of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision."  *Brown*, 192 F.3d at 496 (alternation in original) (quoting *Johnson v. Bowen*, 864 F.2d 340, 343).  The Court's task is deferential judicial review of the Commissioner's disability decision, but not so deferential as to result in meaningless review.  *Id*.  Four elements of proof are weighed in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

## IV. ESTABLISHING DISABILITY

A claimant is not entitled to benefits under Titles II and XVI unless she is "disabled" as defined by the Act.  42 U.S.C. § 423(d)(1)(A); *Heckler v. Campell*, 461 U.S. 458, 459-61 (1983).  The law and regulations governing benefits under both Titles are the same.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).[3]  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A sequential five-step approach is used to determine whether the claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4), § 416.920(a)(4).

At steps one through four, the claimant bears the burden of proving that: (1) they have not engaged in substantial gainful activity during the relevant period; (2) they have a severe impairment; (3) the impairment is either a listed impairment in the appendix to the regulations, or equivalent to a listed impairment; and, (4) if they do not have an impairment qualifying as a listed impairment or its equivalent, the impairment or combination of impairments they do have still gives them a residual functioning capacity that prevents them from performing past relevant work.  *Leggett*, 67 F.3d at 563, n. 2.  Once the claimant meets her burden in the first

---

[3]  Because the law governing Title XVI supplemental security income ("SSI") benefits and Title II disability insurance benefits ("DIB") is the same, this Report may refer to cases and regulations applicable to either Title, when not otherwise inappropriate.

four steps, the burden shifts to the Commissioner to establish that the claimant can perform substantial gainful employment available in the national economy. *Greenspan*, 38 F.3d at 236.  The burden then shifts back to the claimant to rebut this finding.  *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).  A determination at any step that the claimant is or is not disabled within the meaning of the Act ends the inquiry.  *Leggett*, 67 F.3d at 564.

## V.  DISCUSSION

Rivera presents two issues for review: (1) whether Rivera is disabled under §§ 216(i) and 223(d) of the Social Security Act; and (2) whether Rivera meets the "status requirements" of §§ 216(i) and 223(d) of the Social Security Act.  *See* Dkt. No. 13 at 1.  The ALJ found that Rivera met the insured status requirements of the Social Security Act.  *See* TR at 11.  For this reason, the Court presumes that Rivera does not wish to challenge this finding.  Instead, the Court presumes Rivera presented this issue to preserve the finding for the two-part inquiry to determine if benefits will be awarded.

As to claim 1, Rivera seemingly argues that the ALJ applied the evidence using "his own personal and unconfirmed ideology placing little to no weight on the medical records submitted by those medical professionals." *See id*. at 2.  In doing so, Rivera states that the ALJ misapplied three records submitted by Rivera's doctors: (1) Dr. C. Lynn Anderson Jr.'s Physical Medical Source Statement Report dated September 10, 2013; (2) Dr. David L. Edwards's Psychologist Evaluation dated

October 16, 2012; and (3) a Myelogram L-Spine performed by Dr. Daniel Fuentes-Bernardo dated July 2, 2013. *See id.* 2-3. Therefore, the Court interprets Rivera's arguments to be: (1) that the ALJ improperly applied the applicable legal standard to those medical opinions; and (2) that, without those findings, the record lacks substantial evidence to support the ALJ's finding that Rivera is not disabled.

### 1) Whether the ALJ Properly Applied the Applicable Legal Standards to the Medical Opinions of Drs. Anderson, Jr., Edwards, and Fuentes-Bernardo

In his first claim, Rivera alleges that the ALJ did not properly assess the evidence submitted by Rivera, his medical providers, and the medical providers chosen by the SSA, to the best of his ability. Dkt. No. 13 at 2. Specifically, Rivera alleges that rather than assessing the evidence in a fair and non-biased manner, the ALJ assessed the evidence using personal and "unconfirmed ideologies." *Id.* Rivera further alleges that the ALJ improperly placed "little to no weight" on the medical records provided by Drs. Lynn Anderson, David L. Edwards, and Daniel Fuentes-Bernardo. *Id.* Unfortunately for Rivera, these contentions are without merit.

A court cannot reweigh the medical evidence. *Legget v. Chatter*, 67 F.3d 558, 564 (5th Cir. 1995). *Id.* It is the role of the Commissioner, not the courts, to resolve any conflicts in evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Therefore, a court's review of the Commissioner's findings is limited to two inquiries: (1) whether substantial evidence in the record supports the decision; and (2) whether the decision comports with the proper legal standards. *See id; Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015).

When evaluating opinions of medical experts, the Commissioner will generally give more weight to physicians who examined a petitioner as opposed to those who have not.  20 C.F.R. § 404.1527(c)(1).  Generally, the Commissioner gives even more weight to opinions from treating physicians because those medical professionals are likely able to provide a detailed description of medical impairments and bring a unique perspective to the medical evidence.  20 C.F.R. § 404.1527(c)(2).  The Commissioner gives a treating physician's opinion controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is consistent with other substantial evidence in the case record.  *Id.*  Further, the Commissioner gives additional weight to better detailed and reasoned medical opinions.  20 C.F.R. § 404.1527(c)(3).

Treating physicians' opinions may be given little or no weight whenever good cause is shown.  *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000).  Good cause exists where: (1) a physician's evidence is conclusory; (2) the opinion is unsupported by medically acceptable clinical, laboratory, or other diagnostic techniques; or (3) the opinion is otherwise unsupported by the evidence.  *See id* at 456.  The Commissioner may reject a treating physician's opinion in the absence of reliable, controverting medical evidence from another treating or examining physician.  *Id.* at 453.  However, the Commissioner must then perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2).  *Id.*  In order to reverse the Commissioner's opinion, the petitioner must show prejudice.  *Id.* at 458.  Further, an ALJ need not accept opinions from medical

providers that are administrative findings dispositive of a case.   20 C.F.R. § 404.1527(d).   For example, an ALJ may disregard opinions as to: (1) whether a claimant is disabled; (2) the nature and severity of a claimant's impairment(s); and (3) whether the claimant's impairment(s) meet the impairment requirements under 20 C.F.R. § 404.1527.  *Id*.

Opinions of treating physicians that an applicant is "disabled" or "unable to work," for example, are of no special significance because these determinations result in legal conclusions that are reserved to the Commissioner.   *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003); *see also* 20 C.F.R. 404.1527(d).   It is also within the ALJ's discretion to determine the disabling nature of a claimant's pain.  *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001).   Finally, when a physician's opinion is one that is reserved for the Commissioner, an ALJ is not required to consider the relevant factors in evaluating medical opinions.  *See Frank*, 326 F.3d 618 at 620.

### A. Dr. Lynn C. Anderson

As noted by the ALJ, Dr. Anderson opined that Rivera is constantly in pain and unable to sit or walk for more than two hours.  TR at 341-45.  Dr. Anderson found that Rivera suffers from pain, tingling, bilateral numbness in lower extremities, weakness, decreased stability, and dependence on a cane to ambulate. TR at 341.  Dr. Anderson also found that depression contributed to the severity of Rivera's symptoms and functional limitations.   *See* TR at 342.  Dr. Anderson concluded that Rivera's pain is so severe that it would interfere with his ability to concentrate, attend work, and deal with work-related stress.  *See* TR at 341-45.

Additionally, Dr. Anderson noted on multiple occasions that he expected Rivera's disability to continue for the following 10 years, extending Rivera's disability prognosis from June 4, 2023, to May 29, 2025.  *See* TR at 314, 327, 331.

However, the ALJ gave Dr. Anderson's opinion little weight, finding that  the opinion was inconsistent with the evidence in the record as a whole.  TR at 17.  For example, despite Dr. Anderson giving Rivera a "poor" prognosis, records provided by Valley Baptist Imaging Services concluded that Rivera's vertebral alignments are "normal," and his remaining interspaces are "well preserved."  TR at 318. Specifically, in regard to Dr. Anderson's findings, the ALJ found that Dr. Anderson's opinion was inconsistent with his own treatment records.  TR at 17.  For example, a Valley Day and Night Clinic (VDNC) status report from June 17, 2013, noted that Rivera had a normal heart rate and rhythm, normal auscultation of the lungs, moderate tenderness to palpation, and moderate joint stability and range of motion. TR at 325.  Subsequent VDNC reports further note that Rivera had decreased tenderness and improvement in his range of motion and strength, indicating physical improvements.  *See e.g.*, TR at 313.  Moreover, while he prescribed Rivera various medications and noted that physical therapy improved Rivera's condition, Dr. Anderson did not recommend other treatment options in addition to those conservative treatments.  *See* TR at 341-45; *see also Matthews v. Colvin*, 2014 WL 2949288 *7-9 (D.Or. June 30, 2014) (holding that an ALJ may adversely evaluate a medical opinion that only prescribes conservative treatments, which include injections and medication, to supposedly disabling pains); *Durham v. Colvin*, 2015

U.S. Dist. LEXIS 170389 *18 (C.D.Cal. December 21, 2015) ("An ALJ may reject the opinion of a treating physician who prescribed conservative treatment, yet opines that a claimant suffers disabling conditions."). Finally, Dr. Anderson's opinion that Rivera is disabled has no significance because it is a determination reserved within the province of the Commissioner. *See Frank*, 326 F.3d 618, 620; 20 C.F.R. 404.1527(d)(1). Therefore, the ALJ's finding should be upheld as it is supported by substantial evidence in the record, and based on the application of proper legal standards.

### B. Dr. David L. Edwards

The ALJ also gave little weight to Dr. Edwards's opinion because it was not supported by his own findings and treatment notes. *See* TR at 297-301. Dr. Edwards reported that Rivera alleged psychiatric difficulties since 2001. *See* TR at 298. Dr. Edwards further indicated that Rivera alleged difficulty in completing tasks in a timely manner and that he has had problems with persistence and pace of task completion. *Id.* Additionally, Rivera alleged becoming anxious when talking to people and that he has been avoiding social situations. *Id.* From these, Dr. Edwards found that Rivera's prognosis was poor, and that he would be unable to sustain employment due to markedly decreased activities of daily living, concentration, persistence, and pace of task completion. TR at 301.

However, despite Rivera's allegations of psychiatric difficulties, Dr. Edwards noted that Rivera had never been in a psychiatric hospital or received outpatient psychiatric treatment, is not taking any psychiatric medication, is not showing

evidence of loosening of associations or other manifestations of thought disorders, and that he has denied a history of paranoid ideation, delusions, or hallucinations. TR at 298-99.  In fact, Dr. Edwards indicated that Rivera's affect levels were of normal range and showed appropriateness to expressed thoughts and mood, and that Rivera denied symptoms of abuse, as well as post-traumatic stress or panic disorder.  TR at 300.  Further, despite Rivera's allegations regarding his memory and concentration, Dr. Edwards found that Rivera is of average intelligence, had the capability to immediately recall three out of three objects without being prompted, and could recall five digits forward and four backwards.  *Id.*  Finally, in contrast to Rivera's allegations of social anxiety, Dr. Edwards noted that Rivera occasionally attends church, and that he gets along with his family.  TR at 298.

Additionally, the ALJ surmised that Dr. Edwards relied heavily on the subjective report of symptoms and limitations provided by Rivera, noting that Dr. Edwards seemed to uncritically accept most, if not all, of Rivera's contentions.  TR at 18.  As the ALJ noted, Dr. Edwards's conclusions were further undermined as the ALJ properly discredited Rivera's subjective complaints and allegations.  *Id.*  Rivera does not contest these findings. *See* Dkt. No. 13.  As repeatedly stated, an ALJ is responsible for reviewing the record, then making findings of fact and conclusions of law.  20 C.F.R. 404.1527(e)(2).  Further, the ALJ is not bound by a psychological consultant's opinions.   20 C.F.R. 404.1527(e)(2)(i).   Additionally, as previously noted, determinations that an applicant is "disabled" or "unable to work" are of no special significance. *See Barnhart*, 326 F.3d 618, at 620.  The Court finds that the

ALJ comported with the proper legal standards, and his findings should be upheld.

### C. Dr. Daniel Fuentes-Bernardo

Rivera submitted "exhibit E" to illustrate Dr. Fuentes-Bernardo's findings. TR. at 318.   Rivera criticizes the ALJ's findings regarding the computerized tomography ("CT") lumbar spine myelogram.  *See* Dkt. No. 13 at 2-3.  The ALJ specifically discussed the July 2013 myelogram results and generally found that it supported the conclusion that Rivera had some limitations, but that they were not disabling. *See* TR 15.

The record shows that Rivera had a myelogram contrast in the thecal sac from a myelogram performed prior to the exam.  TR 318.  The record states that Rivera's AP diameter of the thecal sac is "well-maintained" throughout, with no evidence of a discrete focal disc herniation.  *Id.*   Dr. Fuentes-Bernardo's findings note that while there is a mild angular bulge at the L5 level, the AP diameter is preserved at 12mm, with the remaining levels appearing normal.  *Id.*  Lastly, Dr. Fuentes-Bernardo concluded that the exam was "unremarkable," finding that Rivera's vertebral body alignment is normal with the remaining interspaces well preserved.

If the ALJ reasonably interprets the medical evidence in the record, the ALJ's finding should be upheld.  *See Perez v. Barnhart,* 415 F.3d 457, 461 (5th Cir. 2005). As Dr. Fuentes-Bernardo concluded that the exam was "unremarkable," and that Rivera's vertebral body alignment is normal, apart from mild narrowing on the left side of the thecal sac, the ALJ's evaluation of that evidence was reasonable and

should be upheld.  Thus, because the ALJ applied the proper legal standards in evaluating the medical opinions and evidence, Rivera's claims should be dismissed.

### 2) Whether Substantial Evidence Supports the ALJ's Findings that Rivera is Not Disabled

In his second claim, Rivera asks the Court to determine whether substantial evidence supports the ALJ's findings that Rivera is not disabled.  Dkt. No. 13 at 3. Rivera's claim is without merit.  As discussed, the Court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence supporting the ALJ's findings.  *Legget*, 67 F.3d 558, 564.

The ALJ noted that Rivera lives with moderate restriction, but is still able to handle bank accounts, pay bills, and undergo other daily activities.  *See* TR at 167. Moreover, the record shows that Rivera is fully oriented, has full concentration abilities, with no memory limitation.  TR at 300.  Finally, the ALJ properly evaluated Rivera's own credibility and, as discussed below, the record indicates that his alleged limitations are not as serious as alleged. TR at 13-16.

In making his evaluation, the ALJ also took into account the opinions of medical providers and psychologists, whose findings indicate that Rivera does not have disabling limitations to the extent he alleges.  *See generally id.*  For example, the ALJ references Rivera's consultation with Dr. Surya Raguthu.  TR at 15. Although Dr. Raguthu found minor limitations, Dr. Raguthu also found that Rivera had normal heart and breath sounds, and no edema.  TR at 238.  Additionally, Dr. Raguthu found that Rivera has a normal curvature of the spine, and no gross limitations of range of motion.  *Id.*  Other physicians, for example, note that Rivera

retained the ability to perform most work activities with minimal limitations, such as the occasional stooping, crouching, and climbing.  TR at 241-43.  Moreover, a DDS psychologist noted that Rivera carries the ability to understand, remember, and carry out detailed instructions.  TR at 292-95.  Thus, the ALJ's determination is backed by substantial evidence in the record and comports with the proper legal standards.  Therefore, Rivera's second claim should be dismissed.

## VI. RECOMMENDATION

For the reasons above, it is recommended that the Commissioner's decision be affirmed and Rivera's claims denied.

## VII. NOTICE TO PARTIES

A party's failure to file written objections within fourteen days after being served with a copy of the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that the district court accepts, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 1st day of March, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**